**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PETER SOROKAPUT,<br><br>Plaintiff,<br><br>v.<br><br>SCHUYKILL COUNTY PRISON, *et al.*,<br><br>Defendants. | No. 4:26-CV-01039<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**SEPTEMBER 29, 2026**

Plaintiff Peter Sorokaput is a serial prisoner litigant who is well known to this Court. He lodged the instant *pro se* Section 1983[1] lawsuit in April 2026, his fifth such civil rights action, alleging constitutional violations by officials at Schuylkill County Prison in 2019. Because Sorokaput's Section 1983 complaint appears to be barred by the statute of limitations, the Court will require him to show cause as to why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

## I. BACKGROUND

Sorokaput's handwritten complaint is brief but clear. He alleges that from

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

February 19, 2019, to December 27, 2019, he was subjected to unlawful conditions of confinement at Schuylkill County Prison.[2] Sorokaput asserts a plethora of constitutional tort claims, alleging that unidentified "guards" sexually harassed him; his living conditions were overcrowded, unsanitary, and cold; he was assaulted by another inmate and guards failed to protect him; he was physically assaulted by a guard; and he was denied proper medical care.[3]

Sorokaput sues the following defendants: Schuylkill County, "all guards and supervisors" at Schuylkill County Prison, and prison guard "Rodiequez."[4] He seeks a declaration that his rights were violated, a "preliminary and permanent injunction ordering Defendants to stop," and compensatory and punitive damages.[5] His complaint is now properly before the Court for screening as mandated by 28 U.S.C. § 1915A(a).

## II. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[6] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[7] This language closely tracks Federal Rule

---

2 *See generally* Doc. 1.
3 *See id.* at 2.
4 *See id.* at 1.
5 *See id.* at 3.
6 *See* 28 U.S.C. § 1915A(a).
7 *Id.* § 1915A(b)(1).

of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[8]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[9] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[10] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[11]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[12] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[13] Second, the court should distinguish well-

---

8 *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

9 *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

10 *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

11 *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

12 *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

13 *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[14] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[15] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16]

Because Sorokaput proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[17] This is particularly true when the *pro se* litigant, like Sorokaput, is incarcerated.[18]

## III. DISCUSSION

Upon review of Sorokaput's complaint, he fails to state a Section 1983 claim upon which relief may be granted. The Court will address his numerous pleading deficiencies in turn.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[19] Rather, a Section

---

14 *Id.* (quoting *Iqbal*, 556 U.S. at 679).
15 *Id.* (quoting *Iqbal*, 556 U.S. at 679).
16 *Iqbal*, 556 U.S. at 681.
17 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
18 *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
19 *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[20] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[21] Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[22]

Sorokaput claims to sue "all guards and supervisors" at Schuylkill County Prison. He also names one guard: "Rodiequez." However, there is a glaring absence of personal involvement for any Defendant. In fact, Sorokaput alleges purported misconduct by only several unidentified and unspecified "guards" who either sexually harassed him, failed to protect him, or assaulted him.

But merely stating that "guards" took some action without, for example, specifying them as John Doe or Jane Doe simply will not suffice for stating a Section 1983 claim. Rather, to plausibly plead a Section 1983 claim, Sorokaput must specify each Defendant's personal involvement in the alleged constitutional

---

20 *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

21 *Id.* (quoting *Rode*, 845 F.2d at 1207).

22 *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

misconduct in order to state a claim against them. If Sorokaput is attempting to sue multiple unidentified Defendants, he would have to delineate between each John or Jane Doe defendant and explain how each Doe defendant violated his constitutional rights. Sorokaput does not do so for any unidentified Defendant or for "Rodiequez." Accordingly, the Court must dismiss the Section 1983 claims against "Rodiequez" and all unidentified "guard" and "supervisor" Defendants under 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

**B. Claim(s) Against Schuylkill County**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[23] Only "persons" are subject to suit under Section 1983. However, the Supreme Court of the United States has held that a municipal government (*i.e.*, a local governmental unit that is not a state government) constitutes a "person" for purposes of Section 1983 if the plaintiff alleges that the local governmental body has implemented an unconstitutional policy or custom.[24]

Thus, to assert a Section 1983 claim against a county or other local governing unit, a plaintiff must identify a policy or custom fairly attributable to the

---

23 *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

24 *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978).

municipal government, which policy or custom caused him constitutional injury.[25] He must also plausibly plead facts showing that a Defendant is a decisionmaker endowed with authority to promulgate or establish an official custom or policy.[26]

Nowhere in his complaint does Sorokaput identify an unconstitutional policy or custom by Schuylkill County. Nor does he allege that any named Defendant is a decisionmaker authorized to promulgate or establish a custom or policy for this municipality. Accordingly, any Section 1983 claim against Schuylkill County must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**C. 1983 Statute of Limitations**

The primary, more fundamental problem for Sorokaput's Section 1983 claims is that they are facially barred by the statute of limitations. The statute of limitations applicable to Section 1983 claims in Pennsylvania is two years.[27] That two-year period accrues (or begins to run) when the plaintiff "knew or should have known of the injury upon which his action is based"[28] and "the last act needed to

---

25 *See id.*

26 *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (explaining that a decision to adopt a particular course of action made by the "government's *authorized decisionmakers*" represents an act of official government policy (emphasis added)); *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (noting that plaintiff failed to "allege conduct by a municipal decisionmaker" in his attempt to assert municipal Section 1983 liability).

27 *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 PA. CONS. STAT. ANN. § 5524(7).

28 *Sameric Corp. of Del. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted).

complete the tort occurs."[29] Furthermore, a District Court can raise the timeliness issue *sua sponte* at the screening stage if—on the face of the complaint—the allegations "show that relief is barred by the applicable statute of limitations."[30]

Sorokaput expressly avers that the alleged unconstitutional conduct occurred from February 2019 to December 2019. Moreover, the facts as alleged demonstrate that Sorokaput knew or should have known of the injury upon which his action is based at that time. He thus had two years, or until December 2021, to file a Section 1983 lawsuit raising such claims. However, he did not file the instant case until 2026, many years out of time.

Nothing in Sorokaput's complaint indicates that the two-year statute of limitations would be tolled pursuant to equitable tolling, the discovery rule, exhaustion of administrative remedies, or any other basis to extend the limitations period.[31] Sorokaput's claims involve allegations of discrete, obvious civil rights violations such as being assaulted by a corrections officer, being sexually harassed, being denied appropriate medical care, and being assaulted by another inmate

---

[29] *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018).

[30] *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Whitenight v. Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (nonprecedential) (collecting cases); *Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 693 n.2 (3d Cir. 2011) (nonprecedential) ("Although the statute of limitations applicable to [civil rights] actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record.") (citing *Jones*, 549 U.S. at 215).

[31] *See Soumphonphakdy v. Walilko*, 808 F. App'x 59, 60 (3d Cir. 2020) (nonprecedential) (explaining that district courts should not *sua sponte* dismiss civil rights actions on statute-of-limitations grounds unless it is apparent from the face of the complaint that there is no valid basis for tolling).

without proper protection from corrections officers. Such serious and conspicuous civil rights violations would have put Sorokaput on notice that his claims had accrued and his two-year clock in which to file a lawsuit had begun to run.

Nevertheless, out of an abundance of caution, the Court will provide Sorokaput with "notice and an opportunity to be heard" on the statute-of-limitations issue and whether any basis for tolling exists.[32] If Sorokaput cannot provide a plausible basis for tolling, the Court will dismiss this case with prejudice.

## IV. CONCLUSION

Based on the foregoing, the Court will order Sorokaput to show cause as to why his complaint should not be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) as barred by the statute of limitations. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[32] *See Soumphonphakdy*, 808 F. App'x at 60.