**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PETER SOROKAPUT,<br><br>Plaintiff,<br>v.<br><br>SCHUYLKILL COUNTY PRISON, *et al.*,<br><br>Defendants. | No. 4:26-CV-01039<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**OCTOBER 16, 2026**

Plaintiff Peter Sorokaput is a serial prisoner litigant who is well known to this Court. He lodged the instant *pro se* Section 1983[1] lawsuit in April 2026, his fifth such civil rights action, alleging constitutional violations by officials at Schuylkill County Prison in 2019. Because Sorokaput's Section 1983 complaint is facially barred by the statute of limitations and he has provided no basis for tolling, the Court will dismiss this case pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Sorokaput's handwritten complaint is brief but clear. He alleges that from February 19, 2019, to December 27, 2019, he was subjected to unlawful conditions

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

of confinement at Schuylkill County Prison.[2] Sorokaput asserts a plethora of constitutional tort claims, alleging that unidentified "guards" sexually harassed him; his living conditions were overcrowded, unsanitary, and cold; he was assaulted by another inmate and guards failed to protect him; he was physically assaulted by a guard; and he was denied proper medical care.[3]

Sorokaput sues the following defendants: Schuylkill County, "all guards and supervisors" at Schuylkill County Prison, and prison guard "Rodiequez."[4] He seeks a declaration that his rights were violated, a "preliminary and permanent injunction ordering Defendants to stop," and compensatory and punitive damages.[5]

The Court screened Sorokaput's *pro se* complaint as mandated by 28 U.S.C. § 1915A(a).[6] During that screening, the Court identified multiple pleading deficiencies, including failure to plead personal involvement and attempting to sue a municipality without alleging a constitutionally infirm policy or custom.[7] Most notably, however, was that Sorokaput's claims involved conduct that had occurred in 2019, likely rendering his Section 1983 claims barred by the two-year statute of limitations.[8] Moreover, nothing in his complaint indicated that the two-year statute of limitations would be tolled pursuant to equitable tolling, the discovery rule, or

---

2 *See generally* Doc. 1.
3 *See id.* at 2.
4 *See id.* at 1.
5 *See id.* at 3.
6 *See generally* Docs. 17, 18.
7 *See* Doc. 17 at 4-7.
8 *See id.* at 7-9.

any other basis to extend the limitations period.

Out of an abundance of caution, the Court provided Sorokaput with "notice and an opportunity to be heard" on the statute-of-limitations issue and whether any basis for tolling exists.[9] Sorokaput timely filed his response,[10] but that one-page document does not establish any basis for tolling the statute of limitations. Accordingly, the Court will dismiss this case with prejudice pursuant to Section 1915A(b)(1).

## II. STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[11] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[12] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[13]

---

9 *See id.* at 9; Doc. 18 ¶ 1; *Soumphonphakdy v. Walilko*, 808 F. App'x 59, 60 (3d Cir. 2020) (nonprecedential) (quoting *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009)).

10 *See generally* Doc. 19.

11 *See* 28 U.S.C. § 1915A(a).

12 *Id.* § 1915A(b)(1).

13 *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[14] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[15] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[16]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[17] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[18] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[19] Finally, the court must review the presumed-truthful allegations

---

[14] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[15] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[16] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[17] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[18] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[19] *Id.* (quoting *Iqbal*, 556 U.S. at 679).

"and then determine whether they plausibly give rise to an entitlement to relief."[20] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21]

Because Sorokaput proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[22] This is particularly true when the *pro se* litigant, like Sorokaput, is incarcerated.[23]

## III. DISCUSSION

The statute of limitations applicable to Section 1983 claims in Pennsylvania is two years.[24] That two-year period accrues (or begins to run) when the plaintiff "knew or should have known of the injury upon which his action is based"[25] and "the last act needed to complete the tort occurs."[26] Furthermore, a District Court can raise the timeliness issue *sua sponte* at the screening stage if—on the face of the complaint—the allegations "show that relief is barred by the applicable statute of limitations."[27]

---

20 *Id.* (quoting *Iqbal*, 556 U.S. at 679).

21 *Iqbal*, 556 U.S. at 681.

22 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

23 *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

24 *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 PA. CONS. STAT. ANN. § 5524(7).

25 *Sameric Corp. of Del. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted).

26 *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018).

27 *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Whitenight v. Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (nonprecedential) (collecting cases); *Paluch v. Sec'y Pa. Dep't of Corr.*, 442 F. App'x 690, 693 n.2 (3d Cir. 2011) (nonprecedential) ("Although the statute of

Sorokaput expressly avers that the alleged unconstitutional conduct occurred from February 2019 to December 2019. Moreover, the facts as alleged demonstrate that Sorokaput knew or should have known of the injury upon which his action is based at that time. He thus had two years, or until December 2021, to file a Section 1983 lawsuit raising such claims. However, he did not file the instant case until 2026, many years out of time.

Nothing in Sorokaput's complaint indicates that the two-year statute of limitations would be tolled pursuant to equitable tolling, the discovery rule, exhaustion of administrative remedies, or any other basis to extend the limitations period.[28] Sorokaput's claims involve allegations of discrete, obvious civil rights violations such as being assaulted by a corrections officer, being sexually harassed, being denied appropriate medical care, and being assaulted by another inmate without proper protection from guards. Such serious and conspicuous civil rights violations would have put Sorokaput on notice that his claims had accrued and his two-year clock in which to file a lawsuit had begun to run.

In his response to this Court's show-cause Order, Sorokaput does not provide any basis for tolling the statute of limitations. He simply claims that the

---

limitations applicable to [civil rights] actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record.") (citing *Jones*, 549 U.S. at 215).

[28] *See Soumphonphakdy*, 808 F. App'x at 60 (explaining that district courts should not *sua sponte* dismiss civil rights actions on statute-of-limitations grounds unless it is apparent from the face of the complaint that there is no valid basis for tolling).

Eighth Amendment protects against cruel and unusual punishments and provides the right to safe and humane conditions in prison.[29] While that may be true, if an inmate intends to file a lawsuit under Section 1983 for a violation of their constitutional rights, they generally must do so within two years of when their rights were violated. Sorokaput also vaguely alleges that he missed the filing deadline "through the fault of another,"[30] but he does not provide any facts to support this allegation.[31]

Sorokaput filed his Section 1983 lawsuit many years out of time, and he has provided no basis to toll the limitations period. His complaint, therefore, must be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Sorokaput's complaint pursuant to 28 U.S.C. § 1915A(b)(1) as barred by the statute of limitations. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

29 Doc. 19 at 1.

30 *See id.*

31 Sorokaput cursorily mentions that a corrections officer at Schuylkill County Prison "harassed [him] about [his] case." *See id.* Yet he does not provide any reason why he did not file a Section 1983 lawsuit after he was transferred to a different prison in December 2019.